UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY THOMPSON,

 Plaintiff,

vs.                                                                                          Case No. 13-11990

JPMORGAN CHASE BANK, NATIONAL                      HON. AVERN COHN
ASSOCIATION, and FEDERAL HOME LOAN
MORTGAGE CORPORATION,

 Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**(Doc. 4)**
**AND**
**DISMISSING CASE**[1]

### I. INTRODUCTION

This is another one of many cases pending in this district involving a default on a mortgage and subsequent foreclosure proceedings. Plaintiff Gary Thompson (Thompson) is suing Defendants JPMorgan Chase Bank, National Association ("Chase") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants"), making multiple claims relating to the mortgage and foreclosure proceedings. Foreclosure by advertisement proceedings have concluded and the redemption period has expired. Nevertheless, Thompson contends that he has a right to the property. The complaint asserts the following claims:

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count I        Quiet Title

    Count II       Breach of Mich. Comp. Laws § 600.3205

    Count III      Injunction and Other Relief

Now before the Court is Defendants' motion to dismiss (Doc. 4). For the reasons that follow, the motion is GRANTED. This case is DISMISSED.

## II.  BACKGROUND

This case involves real property located at 25865 Belleair Street, Roseville, Michigan (the "property"). Thompson acquired the property on April 25, 2007 by warranty deed. On July 9, 2007, Thompson obtained a $112,000.00 loan from Washington Mutual Bank, FA ("WaMu"). Thompson executed a note evidencing the loan. As security for the loan, Thompson executed a mortgage in which he gave a mortgage interest to WaMu. The mortgage was recorded on August 8, 2007, Liber 18879, page 525, Macomb County Register of Deeds.

On July 3, 2012, WaMu assigned its interest in the mortgage to Chase. The assignment was recorded on July 30, 2012, Liber 21468, page 322, Macomb County Register of Deeds.

Thompson defaulted on the loan. Chase, through its foreclosure counsel Trott & Trott, P.C., sent Thompson a letter informing him of his right to a pre-foreclosure loan modification meeting, pursuant to Mich. Comp. Laws § 600.3205. Defendants say that Thompson did not respond to the letter and did not otherwise request a meeting under section 600.3205. Thompson says he requested a loan modification.

Chase began foreclosure by advertisement proceedings due to Thompson's default. On October 12, 2012, Freddie Mac purchased the property at a foreclosure sale for

$136,978.21. Thompson's right to redeem the property expired on April 12, 2013. Thompson did not redeem.

On the day of the expiration of the redemption period, Thompson filed a complaint in state court seeking to set aside the sheriff's deed and quiet title in his name asserting the claims set forth above. Defendants timely removed the case to federal court and filed a motion to dismiss.

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible

claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

### IV.  ANALYSIS

Thompson argues that the Court should quiet title in his favor and enjoin Defendants from initiating eviction proceedings because Defendants violated Mich. Comp. Laws §§ 600.3205, *et seq.*, after he contacted Defendants for a loan modification. Particularly, Thompson says that Defendants violated the statutory loan modification scheme by failing to (1) postpone foreclosure proceedings while working on a loan modification, and (2) send him a denial letter with specific loan modification calculations. Because Thompson has not alleged fraud or irregularity sufficient to unwind the now-completed foreclosure sale, his arguments lack merit.

**A. Michigan Law**

Under Michigan law a failure to comply with the requirements of Michigan's foreclosure by advertisement statute renders a completed foreclosure sale voidable, not void *ab initio*. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 114 (2012); *see Conlin v. MERS*, 714 F.3d 355, 361 (2013) ("Recently, in *Kim* . . ., the Michigan Supreme Court made clear that failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisment statute does not render flawed foreclosures void (i.e., void *ab initio*) but

merely voidable.") (citation omitted).

The Michigan Supreme Court's recent decision in *Kim* instructs on the necessary showing required to set aside a completed foreclosure sale. The Supreme Court in *Kim* explained that, in order to set aside a foreclosure sale, the plaintiff must show that he was "prejudiced" by a defendant's failure to comply with Michigan's foreclosure by advertisement statute. *Kim*, 493 Mich. at 115. "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* at 116.

The concurring opinion by Justice Markman provides further guidance "concerning the nature of the 'prejudice' that plaintiffs must demonstrate in order to set aside the foreclosure;" and, in that regard, provides a nonexhaustive list of factors to be considered. *Id.* at 120–21. These include: (1) "whether plaintiffs were misled into believing that no sale had been had;" (2) "whether plaintiffs act[ed] promptly after [becoming] aware of the facts on which they based their complaint;" (3) "whether plaintiffs made an effort to redeem the property during the redemption period;" (4) "whether plaintiffs were represented by counsel throughout the foreclosure process;" and (5) "whether defendant relied on the apparent validity of the sale by taking steps to protect its interest in the subject property." *Id.* at 121. (Markman, J. concurring) (internal quotation marks and citations omitted).

**B. This Case**

Applying *Kim*, Thompson cannot establish the prejudice required to set aside the foreclosure sale of the property. Thompson's claims relating to the foreclosure proceedings–particularly the loan modification process–are not sufficient to unwind the foreclosure sale.

Michigan law does not require Defendants to modify Thompson's loan, and it does not provide any basis for unwinding the foreclosure. In other words, even if Defendants failed to comply with section 600.3205, Thompson cannot receive the remedy he seeks–legal title. Rather, the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted *under the judicial foreclosure process* if the foreclosure is conducted in violation of the statute. Mich. Comp. Laws § 600.3205c(8) (emphasis added). Unless the borrower timely files a complaint seeking such relief, nothing prevents the lender from foreclosing by advertisement. *Id.* The statute does not provide a plaintiff with a cause of action to seek the reversal of a sheriff's sale that has already occurred.

Other courts in this district have examined this issue on multiple occasions, and concluded that a borrower's sole relief for an alleged violation of the loan modification statutes is to seek the conversion of the foreclosure sale to a judicial foreclosure, prior to the sale. *See Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *10 (E.D. Mich. Feb. 24, 2011) ("The provision allows certain borrowers to determine the *type* of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure.") (emphasis in original); *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) ("Even if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. It does not authorize the Court to set aside the foreclosure."). The Sixth Circuit recently held the same. *Block v. BAC Home Loans Servicing, L.P.*, No. 12-1955, 2013 WL 1223892, *2 (6th Cir. Mar. 26, 2013). Thus, even if Thompson could show that he contacted

Defendants about a loan modification, and that they ignored him, he cannot obtain the relief he seeks in the form of setting aside the foreclosure sale.

Thompson had notice of the foreclosure sale and did nothing to preserve his interest in the property. He made no effort to redeem the property. Instead, Thompson waited until the last day of the redemption period and filed this suit. He has not made the requisite showing of fraud or irregularity to unwind the foreclosure sale.

## V.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss (Doc. 4) was granted and this case was dismissed. To the extent that Thompson seeks to quiet title and obtain an injunction against Defendants' initiation of an eviction action, these are remedies and not separate causes of action. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991, at *3 (6th Cir. March 18, 2013). Because Thompson's challenge to the loan modification process does not amount to fraud or irregularity sufficient to unwind the foreclosure sale, his claims for quiet title and an injunction must fail.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  July 30, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 30, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160